IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARTIN WADE, :
:
        **Plaintiff,** :
:
VS. : NO. 5:22-CV-00238-MTT-CHW
:
PILOT FLYING J INC, :
:
        **Defendant.** :
:

## ORDER

*Pro se* Plaintiff Martin Wade, an inmate most recently confined in the Putnamville Correctional Facility in Greencastle, Indiana has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for an extension of time to file an Amended Complaint (ECF No. 9) and for leave to proceed *in forma pauperis* in this action (ECF No. 10).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff first seeks leave to proceed without prepayment of the filing fee in this action. A review of Plaintiff's submissions demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 10) is therefore **GRANTED.** Even if a prisoner is allowed to proceed *in forma pauperis*, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the

average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1).  A review of Plaintiff's prison trust fund account certification shows average monthly deposits of $215.00 over the time Plaintiff has been incarcerated and a present positive balance.  Mot. Proceed IFP 2-4, ECF No. 10.  Twenty percent of $215.00 is $43.00.  Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $43.00.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.  It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.  The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

   I. <u>Directions to Plaintiff's Custodian</u>

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward

payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations on Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $43.00.  If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

## ORDER TO RECAST

Plaintiff has filed his Complaint seeking relief pursuant to 42 U.S.C. § 1983. *See, e.g.,* Compl. 2, ECF No. 1. Plaintiff is therefore **ORDERED** to entirely recast his Complaint on one of the Court's standard complaint forms. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff that Plaintiff should use to comply with this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff must then list each defendant again in the body of his recast complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

As he is recasting his Complaint, Plaintiff may wish to keep in mind that to state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Plaintiff does not explain how the named Defendant in this case acted "under color of state law." *See Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (discussing "three primary tests the Supreme Court has used to determine whether state action exists"). If Plaintiff

4

determines that his claims are not appropriately raised under § 1983, he must plead facts showing another basis for federal jurisdiction in this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) in this case.** The Court will not look back to that document to determine whether Plaintiff has stated an actionable constitutional claim. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file his recast complaint. Because Plaintiff is being given the opportunity to recast his complaint to include all factual allegations and claims he wishes to include in this action, his motion for an extension of time to amend his Complaint (ECF No. 9) is **DENIED as moot.**

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 10) is **GRANTED,** and Plaintiff is **ORDERED** to pay an initial partial filing fee in the amount of $43.00 or file a renewed motion for leave to proceed *in forma pauperis* explaining his inability to pay within **FOURTEEN (14) DAYS** of the date of this Order. While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

Plaintiff is also **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order in accordance with the directions contained herein. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 9) is **DENIED as moot.**

**Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 28th day of July, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge