IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTIN WADE, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:22-CV-00238-MTT-CHW |
| | : | |
| PILOT FLYING J INC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### RECOMMENDATION OF DISMISSAL

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Martin Wade, an inmate who is presently confined at the Putnamville Correctional Facility in Greencastle, Indiana, has filed a Recast Complaint (ECF No. 12), an Amended Complaint (ECF No. 13), and a renewed motion for leave to proceed *in forma pauperis* (ECF No. 14). Because Plaintiff subsequently paid the required initial partial filing fee, his renewed motion for leave to proceed *in forma pauperis* is **DENIED as moot**. Plaintiff's claims are now ripe for review pursuant to 28 U.S.C. § 1915A and § 1915(e). For the following reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice**.

### PRELIMINARY SCREENING

I.  **Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also

required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a

2

reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations

The claims in Plaintiff's Amended Complaint arise from a slip-and-fall incident that occurred on June 25, 2020 at the Flying J Travel Center Store in Carnesville, Georgia. Am. Compl. 5, ECF No. 13.[1] Plaintiff alleges that on that date, he and his wife had stopped at the store to "fuel up and shower." *Id.* When Plaintiff entered the shower area, he slipped on the drain cap, which was not properly secured to the shower drain itself. *Id.* Plaintiff contends that he "fell hard and injured [his] elbow and back and ankle and

---

[1] The Amended Complaint is the operative pleading in this case. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).

3

dislocated [his] disc in [his] back and fractured his elbow." *Id.* Plaintiff contends that he "continue[s] to be affected by this injury" and may require surgery or other treatment. *Id.* He seeks "to set a hearing by way of phone contact with the claims department of corporate flying J Inc. for their negligence of causing [Plaintiff's] injuries" and "a mediation for settlement for there [sic] causing [his] injurys [sic] which are serious and ongoing." *Id.* at 6.

### III.   Plaintiff's Claims

"Federal courts are courts of limited jurisdiction," and they are only permitted to hear cases authorized by the Constitution or laws of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In other words, this Court may only hear a case over which it has subject matter jurisdiction. *See id.* There are generally three ways a party may establish subject matter jurisdiction in federal court: "(1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332." *Hallett v. Ohio*, 711 F. App'x 949, 950 (11th Cir. 2017) (per curiam). "[T]he party invoking the court's jurisdiction bears the burden of proving the existence of federal jurisdiction," and if "the district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits" and should dismiss the complaint. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) (requiring court to dismiss an action if it finds "that it lacks subject-matter jurisdiction" at any time).

As discussed in more detail below, Plaintiff has not stated an actionable § 1983

claim in this case. This Court therefore does not have federal-question jurisdiction in this case. If Plaintiff's § 1983 claims are dismissed, Plaintiff has failed to allege facts sufficient to show that this Court has diversity or supplemental jurisdiction over any remaining claims. As such, his Complaint should be dismissed without prejudice.

### A. Federal-Question Jurisdiction

"Federal-question" jurisdiction gives the Court authority to hear cases "arising under" federal law and "affords parties a federal forum in which to vindicate federal rights[.]" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Plaintiff has filed this case on the Court's standard form seeking pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. *See* Am. Compl. 1, ECF No. 13.[2] The Court therefore has federal-question jurisdiction over Plaintiff's § 1983 claims.

As noted above, to state a viable § 1983 claim, a plaintiff must allege that the deprivation of his rights was caused by a person who was acting under color of state law. *Hale*, 50 F.3d at 1582. A private citizen "may be viewed as a state actor under § 1983 '[o]nly in rare circumstances.'" *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (per curiam) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). The Eleventh Circuit uses three tests to determine whether a private citizen acts under color of

---

[2] Plaintiff's Amended Complaint is the operative pleading in this action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint). The Court has therefore not considered the allegations raised in Plaintiff's previous complaints (ECF Nos. 1, 12).

state law for § 1983 purposes:

> (1) the public function test, which asks whether the private actors were performing functions "traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise.

*Id.* at 54 (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)). "A private party may also be held liable under § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights." *Id.* Plaintiff has not alleged any facts suggesting that any Defendants are state actors in this case, and he has therefore failed to state a § 1983 claim.

Furthermore, Plaintiff has described Defendants' conduct as "negligence." Am. Compl. 6, ECF No. 13. But merely "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993). Plaintiff has therefore failed to state an actionable § 1983 claim for this reason as well, and his § 1983 claims should accordingly be dismissed.

### B. Diversity Jurisdiction

If the Court dismisses Plaintiff's § 1983 claims, there is no longer any arguable federal-question jurisdiction in this case. A federal court does, however, have "diversity jurisdiction" over a case where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between parties. 28 U.S.C. § 1332(a). The purpose of

diversity jurisdiction is to "provide[] a neutral forum for parties from different States." *Home Depot U.S.A.*, 139 S. Ct. at 1746. "When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter over her case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). With respect to diversity jurisdiction, "[t]hose allegations . . . must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.* "A party must plead citizenship distinctly and affirmatively." *Tucker v. Thomasville Toyota*, 623 F. Supp. 2d 1378, 1380 (M.D. Ga. 2008). "[I]f a complaint's factual allegations do not assure the court that it has subject matter jurisdiction, then the court is without power to do anything in the case." *Travaglio*, 735 F.3d at 1269.

"Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and to be domiciled in a state." *Tucker*, 623 F. Supp. 2d at 1380. Even if the Court assumes that Plaintiff is a United States Citizen, Plaintiff's state citizenship, or "domicile," is unclear. A domicile is a person's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam) (internal quotation marks and citation omitted). The state in which a person resides is generally presumed to be that person's domicile, and once that person "has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) (internal quotation marks omitted). There

are circumstances, however, where an individual's domicile is not the same as his residence: "a person may reside in one place but be domiciled elsewhere." *Tucker*, 623 F. Supp. 2d at 1381. As is relevant in this case, a prisoner generally "does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration." *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. Aug. 3, 1973), *aff'd* 488 F.2d 977 (5th Cir. 1974) (affirming "for the reasons stated in the district court's said opinion"). In this case, Plaintiff's Amended Complaint shows only that he is currently residing in a prison in Indiana, but it is unclear where he is domiciled.

Plaintiff has also failed to establish the citizenship or domicile of the Defendants in this case, which are identified as "Pilot Flying J Inc, et al," "RMX Manager Chrystil Fulghum," and "Pilot Flying J Travel Center, Store 62800, Carnsville [sic] GA 10226 Old Federal Rd Zip 30521-2962." Am. Compl. 1, ECF No. 12. While determining the citizenship of a human is relatively straightforward, determining the citizenship of a legal entity can be more complicated. A corporation, for example, is considered a citizen of the state where it is incorporated and the state where it has its principal place of business. *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). Other unincorporated entities, such as joint-stock companies or limited partnerships, are generally considered citizens of each of the states in which its members are citizens. *See id.* at 381-82. Plaintiff has not provided the Court with any information at all concerning the domicile or citizenship of any of the human or corporate entity Defendants he identifies in the caption of his Complaint. *See, e.g., Diaz v. Nationstar Mortgage, LLC*, No. 21-

10570-AA, 2021 WL 3722081, at *1 (11th Cir. July 26, 2021) (per curiam) (remanding case to district court where "Plaintiffs' second amended complaint did not distinctly and affirmatively allege each party's citizenship" and "contain[ed] no allegations as to the identity, let alone the citizenship, of Nationstar Mortgage, LLC's members").

In addition, "[t]o invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018). Where "the plaintiff pleads an unspecified amount of damages, it bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum." *Id.* Plaintiff has not specifically alleged that the amount in controversy in this case exceeds $75,000.00, nor has he pleaded any facts that would show that his damages exceed that jurisdictional amount.

In sum, Plaintiff has failed to plead facts establishing (1) the citizenship of Defendants; (2) the state of his own citizenship; and (3) that the amount in controversy exceeds $75,000.00. Plaintiff has thus failed to meet his burden to establish diversity jurisdiction in this case.

## IV. Conclusion

In accordance with the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 14) is **DENIED as moot**, and it is **RECOMMENDED** that Plaintiff's § 1983 claims be **DISMISSED without prejudice**. With respect to Plaintiff's remaining claims, it is found that Plaintiff has not alleged facts sufficient to show that diversity

9

jurisdiction exists in this case. Absent a basis for original jurisdiction in this case, the Court would also have no power to exercise supplemental jurisdiction over any state law claims Plaintiff might have. *See* 28 U.S.C. § 1367(a). Accordingly, it is **RECOMMENDED** that Plaintiff's remaining claims also be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 23rd day of September, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge